WESTERN DIST.
Oct. 1838.

HARRIS
vs.
ALLNUTT ET AL.

nesses and had the best opportunity of testing their verity, is not manifestly erroneous, it will be affirmed.

---

## HARRIS vs. ALLNUTT ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE PARISH OF CONCORDIA, THE JUDGE OF THE SECOND PRESIDING.

It is sufficient to maintain the appeal, if copies of the petition and citation come up in the record, instead of the originals.

When there is no evidence in the record, of the laws of the state where the transaction or contract in question was made, it will be decided according to the laws of this state.

The notary's declaration or certificate of notice of protest must state specifically the names of the drawer and endorser, and the time and manner of serving or forwarding the same, and be recorded, to afford *legal proof* of notice.

Where endorsers are discharged from liability for want of legal notice of the dishonor of the note, but assume the payment, and propose to arrange and take up the note, it will not be binding on them when the other party fails to show they were *not* ignorant of their rights and of their discharge for want of notice.

This suit is instituted on the following promissory note, against the endorsers, Edward R. J. Allnutt and John Briscoe.

"$2102 67.    New-Carthage, La., 16th March, 1835.

"On the first day of February next, I promise to pay John Briscoe, or order, two thousand one hundred and two dollars and sixty-seven cents, for value received, negotiable and payable at the Agricultural Bank at Natchez, Mississippi.

HENRY D. ALLNUTT."

*Endorsed*, "John Briscoe," and "Edward R. J. Allnutt."

The plaintiff alleges, that said note was deposited in bank, where it was made payable for collection, before maturity, and payment was amicably demanded and refused: wherefore, it was protested for non-payment and due notice thereof given to the endorsers, who have become liable. He prays judgment against them for the amount of his demand.

The defendants admitted their endorsement, but denied any liability to pay the note.

The evidence showed that this note was protested on the 4th February, 1836, and on the next day notices of protest were put in the post office at Natchez, directed to John Briscoe, Port Gibson, Edward R. J. Allnutt, New-Carthage.

The original record of the book of protests in which the protest was recorded, was offered in evidence, received by the court, and excepted to by the defendants' counsel.

It was admitted in the statement of facts that Port Gibson was not Briscoe's nearest post office. But letters addressed to defendant, Allnutt, at New-Carthage, had been received and answered by him.

When Briscoe was called on to pay this note as endorser, a witness states that he said he would see the other endorser and arrange it. They went together to see Allnutt, who said he would give other notes for the amount, but which was never done.

Upon this evidence, judgment was given for the plaintiff, from which the defendants appealed.

*Downs*, for the plaintiff.

*Dunlap* and *Dunbar*, contra.

*Carleton, J.*, delivered the opinion of the court.

The appellees move to dismiss the appeal on the ground that copies of the petition and citation of appeal have come up with the record, instead of the originals. This motion cannot prevail. This court have heretofore determined that such copies were sufficient, and that it was not necessary to send up the originals themselves. *4 Martin, N. S.*, 345 and 360.

WESTERN DIST.

*Oct.* 1838.

HARRIS
*vs.*
ALLNUTT ET AL.
It is sufficient to maintain the appeal, if copies of the petition and citation come up in the record instead of the originals.

The action is brought against the endorsers of a promissory note, who, it is alleged, were duly notified of the dishonor of the obligation by the drawer.

The defendants for answer, deny generally, but admit their signatures. There was judgment for the plaintiff, and the defendants appealed.

The notary public who protested the note, certifies at the foot of the protest, that "all notices were served this 5th day of February, 1836, at 9 o'clock, A. M., according to their several directions as above specified," without stating the manner in which the notices were given, that the court might judge of their sufficiency.

As there is no evidence before us of the laws of Mississippi, where the note was made and protested, we are compelled to have recourse to our own statute, which provides in such cases that the notary shall mention in his records, "the notices which he shall have given of his protests to the drawers and endorsers thereof, together with the names of the said drawers or endorsers, the date of the said notices, and the manner in which they were served, or forwarded to the said drawers and endorsers; which declaration, duly recorded, under the signature of the said notary public, and two witnesses, shall be considered and received in all the courts of this state as legal proof of said notices."

When there is no evidence in the record of the laws of the state, where the transaction or contract in question was made, it will be decided according to the laws of this state.

The notary's declaration or certificate of notice of protest, must state specifically the names of the drawer and endorser, and the time and manner of serving or forwarding the same, and be recorded, to afford *legal proof* of notice.

There exists, then, no proof of sufficient and legal notice having been given to the endorsers. But the counsel for the plaintiff, aware of the want of such proof, insists that the endorsers have assumed the payment of the note, and relies on the testimony of Mr. Martin, plaintiff's attorney, who states that "he made demand upon Briscoe personally, for the

payment of the note sued on, told him he was instructed to sue him, if it was not paid, or some arrangements made. Says Briscoe told witness he would go to Allnutt, the other defendant, and arrange it. They went to Allnutt together; Allnutt said he would give other notes for the amount. Briscoe said he would see that Allnutt gave the notes. That Allnutt never gave him the notes in lieu of the notes sued on."

Where endorsers are discharged from liability for want of legal notice of the dishonor of the note, but assume the payment, and propose to arrange and take up the note, it will not be binding on them, when the other party fails to show they were *not* ignorant of their rights and of their discharge for want of notice.

Admitting that the defendants assumed the payment of the note, which is by no means clear, it does not, however, appear that they did so with a full knowledge that they were discharged from liability by want of notice. Being once exonerated, it cannot be supposed that they would readily renew their obligation; at any rate, it must be shown that they were not ignorant of their rights, or they would not be bound. 3 *Kent's Commentaries*, 113; *Chitty on Bills*, 308; *Martin's Reports*, 148.

This view of the subject renders it unnecessary to notice any other point raised in the cause.

We think that the plaintiff has failed to make out his case, and that there is error in the judgment of the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that there be judgment against the plaintiff as of non-suit, he paying costs in both courts.