Bullard, J.
This action was commenced on the first of February, 1843, by the Union Bank, as the holder of two pro *419 missory notes drawn by E. D. Hyde & Co., and endorsed by their co-defendants T. R. Hyde & Co., which appear to have been regularly protested, and notice given to the endorsers.
The drawers allege in defence, that about the 8th day of November, 1836, T. R. Hyde & Brother, being the holders of several promissory notes amounting to $2748 08, did at that time, and on the 6th December, discount said notes in the Union Bank, whereby the plaintiffs became owners of the same. That they were by the plaintiffs remitted to the State of Mississippi, where they were due and payable ; but not being paid at maturity were returned to the plaintiffs, and on their demand taken up and settled by the said Hyde & Brother, “ who believed the said notes to have been protested, notified, &c.,” but said respondents show that in truth and fact it was not so. That the said T. R. Hyde & Brother, on proceeding to obtain payment from the other parties, found that the plaintiffs had so negligently and illegally managed the said affair, that they had totally lost all recourse on any of the parties capable of paying. That the notes have been duly transferred to the respondents, who plead the same in compensation, and pray judgment in their favor for the balance. The endorsers join in this defence.
The Parish Court gave judgment for the plaintiffs, and the defendants have appealed.
It is now so well settled, as not to require a reference to authorities, that the holder of a promissory note, on which there are several endorsers, is not bound to give notice to any except the one whom he intends to hold liable, and that the endorser so notified has no right to complain of the holder, that his previous endorsers were not notified. If he wishes to secure his recourse, he must give notice himself, if it has not been given by the holder. Hyde & Brother in the case set forth in the answer, had no recourse upon the Bank, upon the mere ground that the previous parties had not been duly notified, provided they were themselves notified of the failure of the drawer to pay.
It is equally clear, that the Bank was not acting in this matter as the agent of Hyde & Brother, and therefore, the numerous dec sions declaring the liability of banks in consequence of having neglected to give regular notice, have no application to the pre *420 sent case. The only ground, therefore, upon which the defendants can succeed in this reconventional demand is, that Hyde & Brother, their assignors, paid in error when not legally liable themselves as endorsers, in consequence of not having been duly notified of the dishonor of the notes.
If the Bank were now seeking to recover of Hyde cfc Brother, on the protested notes set up in reconvention, it would be incumment on it to prove affirmatively the notice of protest; and if it relied on the subsequent promise, it would have to show, that such promise was made with a full knowledge that the endorser was discharged by want of notice. Such is the substance of the cases relied on by the counsel for the appellants. 12 La. 465. 11 Ibid. 14. 16 ibid. 315, and others. But in the present case the endorsers paid and took up the note six or seven years ago, and actually recovered judgment against the drawers; which they could only do by alleging and showing that they had been compelled to take up the note as endorsers, and thereby admitting, both by the payment itself and by the proceeding after-wards against the drawers, their liability. Now, admitting that they cannot be held to do an impossible thing, and to prove that they were not notified, yet they are bound at least to allege it distinctly, so as to put the opposite party fairly on their guard, especially after so great a lapse of time, and when the party complaining never set up any claim, but transferred the notes to others, thus evading one of the modes by which the Bank might have been enabled to prove their liability as endorsers, by an appeal to their consciences by interrogatories on facts and articles. It appears to us clear, that an actual payment furnishes a presumption of indebtedness, although a promise to pay, re integra, as endorser, may not be binding without proof that the endorser knew he was not liable. Hyde & Brother took up the note, and with it the protest, and they are supposed to have in their own possession the notice of protest, if any was given ; and with all this, they abstain from askiug for any relief against the Bank for many years, and then transfer the note to other persons, tobe used in compensation.
But it is said, there is a sufficient allegation of error to put the Bank upon the proof of due notice of protest. The whole of the *421 plea must be taken together ; and, although the first part states in vague terms that they settled, believing the note to have been protested, notified, &c., when, in fact, it was not so, yet they go on to say that the affair had been managed so carelessly, that they had totally lost all recourse and had failed to recover of'the previous parties, thereby clearly intending to charge the Bank, not because no notice had been given to Hyde & Brother, but because the previous endorsers had been released by their negligence. In the case cited from 9 Mass. Rep. 408, the error was clearly shown, and the action brought immediately after the error was discovered; and no other ground for recovery was pretended, except the want of notice to the plaintiff himself. He who alleges error as the basis of action, must show it, or at least show satisfactorily, that the evidence of it is exclusively in the power of his adversary. In Dranguet et al. v. Prudhomme, (3 La. 74,) the court held, as a general rule, that he who affirms must prove, although there are many negative propositions which it is impossible to prove directly, such as the nonperformance or non-existence of things. So where the wife sued to set aside a contract on the allegation that she was not authorized by her husband, it is impossible for her to prove that she was not authorized. It devolved on the opposite party to show that she was, up'on her allegation that she was not. But a great majority of cases of error may be shown affirmatively, and it would probably be in the power of Hyde & Brother, in the present case, by producing the protest which was handed over to them by the Bank, together with the note, to show whether or not it had been regularly demanded and notice given to them. It may be, that they took up the note so immediately after its protest, as that its presentation to them to be taken up, would amount in itself to reasonable notice of dishonor, especially when they knew that the previous parties resided in Mississippi, whither it was necessary to send it for collection.
This view of the case renders it unnecessary to examine the plea of prescription.

Judgment affirmed.